# EXHIBIT A



CIRCUIT COURT FOR WICOMICO COUNTY, MARYLAND
101 North Division Street, P.O. Box 198
Salisbury, Maryland 21801

Main: 410-543-6551
Fax: 410-546-8590

To: SEAWORLD PARKS & ENTERTAINMENT, INC.
9205 SOUTHPARK CENTER LOOP
SUITE 400
ORLANDO, FL 32819

SERVED 5/3/2019
11:20 am
#1547
9ais

Case Number: C-22-CV-19-000109
Other Reference Number(s):

DAWN HOLTMAN VS. SEAWORLD PARKS & ENTERTAINMENT, INC.

Issue Date: 03/15/2019

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by:

DAWN PATRICIA HOLTMAN
36432 Davis Street
Willards, MD 21874

This summons is effective for service only if served within 60 days after the date it is issued.

*James B. McAllister*
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

IN THE CIRCUIT COURT
FOR WICOMICO COUNTY

DAWN P. HOLTMAN     *
36432 Davis Drive
Williards, Maryland. 21874     *

    Plaintiff     *

    Vs.     *

SEAWORLD PARKS & ENTERTAINMENT     *
INC.                                                                 CASE NO.:
9205 Southpark Center Loop     *
Suite 400
Orlando, Florida. 32819     *
**SERVE ON RESIDENT AGENT**:
C T Corporation System     *
1200 South Pine Island Road
Plantation, Florida. 33324     *

    Defendant     *

    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

**COMES NOW** the Plaintiff Dawn P. Holtman by and through her attorney Milton P. Warren, Esq., and sues the Defendant SeaWorld Parks & Entertainment Inc., and for her cause of action respectfully states follows:

1.     The Plaintiff, Dawn Patricia Holtman, at all relevant times herein, was and is a resident of the State of Maryland.

2.     The Defendant SeaWorld Parks & Entertainment Inc., is registered to do business in the State of Delaware, and upon information and belief has a principal place of business located at 7007 Sea World Drive, Orlando, Florida, where it is engaged in

the business of providing theme park and water park type leisure activities to members of the general public, inter alia.

3. The Defendant SeaWorld Parks & Entertainment Inc., owns and operates a 'water park' known as Busch Gardens Water Park a/k/a 'Adventure Island', located at 10001 McKinley Drive, in Tampa, Florida. Other park locations include Busch Gardens Tampa, Tampa, Florida, Busch Gardens Williamsburg, Williamsburg, Virginia SeaWorld Orlando, Orlando, Florida, SeaWorld San Antonio, San Antonio, Texas, SeaWorld San Diego, San Diego, California, Sesame Place, Langhorne, Pennsylvania, Discovery Cove, Orlando, Florida, Aquatica Orlando, Orlando, Florida, Aquatica San Antonio, San Antonio, Texas, Aquatica San Diego, Chula Vista, California, Adventure Island, Tampa, Florida, Water Country USA, Williamsburg, Virginia, and a future property to be known as SeaWorld Abu Dhabi.

4. The Court has jurisdiction in this action pursuant to Maryland Courts and Judicial Proceedings Article, §6-103(b)(1),(4).

5. Venue is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Article, §6-202(3).

6. Plaintiff disclaims any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual. No claim under admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraphs controls.

7. On July 9, 2017, the Plaintiff was a business invitee, along with her family, at Busch Gardens Water Park a/k/a 'Adventure Island'.

8. While the Plaintiff was lawfully on said premises as a business invitee, she was walking down the water ride known as "Wahoo Run" as instructed by the administrators of said water ride due to the possibility of the arrival of inclement weather to the area.

9. That as an invitee on the premises owned by the Defendant SeaWorld Parks & Entertainment Inc., and occupied and operated by the Defendant SeaWorld Parks & Entertainment Inc., the Defendant owed Plaintiff the duty to use reasonable care in maintaining or operating the property to maintain the premises in a reasonably safe condition. This duty included inspecting the metal-framed chairs to determine whether they were reasonably safe for their intended use and identifying dangers arising from conditions on its premises and warning Plaintiff of dangers of which they knew or should have known.

10. That despite said duties, the Defendant failed to regularly inspect the 'trex' type stairs and wooden deck levels connecting to same as traveled by wet and soaked business invitees, the Defendants provided the Plaintiff with an unsafe and unfit water ride, and the Defendant failed to warn the Plaintiff of these dangers.

11. The Defendant knew or should have known that the wooden decks it provided for Plaintiff's use was unsafe or unfit and/or prone to excessive slippery-ness in the presence of water on a water ride.

12. As a direct and proximate result of the negligence of the Defendant as aforesaid,

the Plaintiff fell violently onto the wooden deck aforementioned at the third flight on July 9, 2017, collapsed, causing her to fall and strike the wooden deck with great force.

13. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff suffered several fractures to her leg, permanent physical injury and scarring, mental anguish and suffering, inconvenience, physical pain and suffering, and will endure the same in the future.

14. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff expended sums of money for hospital care, medical care, therapy, rehabilitation and medication and will incur the same in the future.

15. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff has lost wages in the past and may lose additional wages in the future, and has suffered a diminution of earning capacity.

WHEREFORE, the Plaintiff, Dawn P. Holtman, demands judgment in her favor in the amount of One Million Dollars ($1,000,000.00), against the Defendant SeaWorld Parks & Entertainment Inc., plus costs.

Respectfully Submitted By:

_____
Milton P. Warren, Esq.
204 W. Jarrettsville Road
Forest Hill, Maryland. 21050
(410) 979-4500

*Attorney for Plaintiff*

IN THE CIRCUIT COURT FOR Wicomico County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒ PLAINTIFF  ☐ DEFENDANT    CASE NUMBER _____ (Clerk to insert)

CASE NAME: DAWN P. HOLTMAN          vs.   SEAWORLD PARKS & ENT., INC.
                    Plaintiff                                      Defendant

PARTY'S NAME: _____ PHONE: _____
PARTY'S ADDRESS: _____
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Milton P. Warren, Esq.     PHONE: 410-979-4500
PARTY'S ATTORNEY'S ADDRESS: 204 West Jarrettsville Road, Forest Hill, MD., 21050
PARTY'S ATTORNEY'S E-MAIL: brndmilton@verizon.net

JURY DEMAND? ☐ Yes ☒ No
RELATED CASE PENDING? ☐ Yes ☒ No  If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: ___ hours  2 days

### PLEADING TYPE

New Case: ☒ Original    ☐ Administrative Appeal    ☐ Appeal
Existing Case: ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case, skip Case Category/Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☒ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☒ Medical Bills $ _$121,436.10_      ☐ Wage Loss $ _____      ☐ Property Damages $ _____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes   ☐ No          C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration       ☒ Yes   ☐ No          D. Neutral Evaluation       ☒ Yes   ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*          (Case will be tracked accordingly)

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☒ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

| EMERGENCY RELIEF REQUESTED |
|---|

CC-DCM-002 (Rev. 04/2017)          Page 2 of 3

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.

☐ Expedited - Trial within 7 months of Defendant's response

☐ Standard - Trial within 18 months of Defendant's response

IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff ............. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

March 6, 2019
Date

204 West Jarrettsville Road
Address

Forest Hill    MD    21050
City           State  Zip Code

Signature of Counsel / Party

Milton P. Warren, Esq.
Printed Name

CC-DCM-002 (Rev. 04/2017)    Page 3 of 3

IN THE CIRCUIT COURT
FOR WICOMICO COUNTY

| | |
|---|---|
| DAWN P. HOLTMAN | * |
| Plaintiff | * |
| Vs. | * |
| SEAWORLD PARKS & ENTMT., INC. | * |
| Defendant | * CASE NO.:C-22-CV-19-000109 |

* * * * * * * * * * *

### FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff Dawn P. Holtman by and through her attorney Milton P. Warren, Esq., and sues the Defendant SeaWorld Parks & Entertainment Inc., and for her cause of action respectfully states follows:

1. The Plaintiff, Dawn Patricia Holtman, at all relevant times herein, was and is a resident of the State of Maryland.

2. The Defendant SeaWorld Parks & Entertainment Inc., is registered to do business in the State of Delaware, and upon information and belief has a principal place of business located at 7007 Sea World Drive, Orlando, Florida, where it is engaged in the business of providing theme park and water park type leisure activities to members of the general public, inter alia.

3. The Defendant SeaWorld Parks & Entertainment Inc., owns and operates a 'water park' known as Busch Gardens Water Park a/k/a 'Adventure Island', located at 10001 McKinley Drive, in Tampa, Florida. Other park locations include Busch

Gardens Tampa, Tampa, Florida, Busch Gardens Williamsburg, Williamsburg, Virginia SeaWorld Orlando, Orlando, Florida, SeaWorld San Antonio, San Antonio, Texas, SeaWorld San Diego, San Diego, California, Sesame Place, Langhorne, Pennsylvania, Discovery Cove, Orlando, Florida, Aquatica Orlando, Orlando, Florida, Aquatica San Antonio, San Antonio, Texas, Aquatica San Diego, Chula Vista, California, Adventure Island, Tampa, Florida, Water Country USA, Williamsburg, Virginia, and a future property to be known as SeaWorld Abu Dhabi.

4.  The Court has jurisdiction in this action pursuant to Maryland Courts and Judicial Proceedings Article, §6-103(b)(1),(2),(4).

5.  Venue is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Article, §6-202(3).

6.  Plaintiff disclaims any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual. No claim under admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraphs controls.

7.  On July 9, 2017, the Plaintiff was a business invitee, along with her family, at Busch Gardens Water Park a/k/a 'Adventure Island'.

8.  While the Plaintiff was lawfully on said premises as a business invitee, she was walking down the water ride known as "Wahoo Run" as instructed by the administrators of said water ride due to the possibility of the arrival of inclement

weather to the area.

9. That as an invitee on the premises owned by the Defendant SeaWorld Parks & Entertainment Inc., and occupied and operated by the Defendant SeaWorld Parks & Entertainment Inc., the Defendant owed Plaintiff the duty to use reasonable care in maintaining or operating the property to maintain the premises in a reasonably safe condition. This duty included inspecting the 'trex' type stairs and wooden deck levels to determine whether they were reasonably safe for their intended use and identifying dangers arising from conditions on its premises and warning Plaintiff of dangers of which they knew or should have known.

10. That despite said duties, the Defendant failed to regularly inspect the 'trex' type stairs and wooden deck levels connecting to same as traveled by wet and soaked business invitees, the Defendants provided the Plaintiff with an unsafe and unfit water ride, and the Defendant failed to warn the Plaintiff of these dangers.

11. The Defendant knew or should have known that the wooden decks it provided for Plaintiff's use was unsafe or unfit and/or prone to excessive slippery-ness in the presence of water on a water ride.

12. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff fell violently onto the wooden deck aforementioned at the third flight on July 9, 2017, collapsed, causing her to fall and strike the wooden deck with great force.

13. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff suffered several fractures to her leg, permanent physical injury and scarring, mental anguish and suffering, inconvenience, physical pain and suffering, and

will endure the same in the future.

14. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff expended sums of money for hospital care, medical care, therapy, rehabilitation and medication and will incur the same in the future.

15. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff has lost wages in the past and may lose additional wages in the future, and has suffered a diminution of earning capacity.

**WHEREFORE**, the Plaintiff, Dawn P. Holtman, demands judgment in her favor in the amount of One Million Dollars ($1,000,000.00), against the Defendant SeaWorld Parks & Entertainment Inc., plus costs.

Respectfully Submitted By:

_____
Milton P. Warren, Esq.
204 W. Jarrettsville Road
Forest Hill, Maryland. 21050
(410) 979-4500

*Attorney for Plaintiff*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 20th day of March, 2019, a copy of the foregoing Plaintiff's First Amended Complaint was attached to the Summons when originally served on the Defendant.

_____
Milton P. Warren